### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------X

ESTATE OF AMER FAKHOURY, *et al.*,

                    Plaintiffs,

             -against-

ISLAMIC REPUBLIC OF IRAN, *et al*,

                    Defendants.

Docket No:
21-cv-1218 (JDB)

-------------------------------------------------------------------X

### MOTION BY PLAINTIFFS FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT AGAINST THE REPUBLIC OF LEBANON AND THE LEBANON GENERAL DIRECTORATE OF GENERAL SECURITY

A motion to intervene has been filed by the General Directorate of General Security, which is a department or component of the government of The Republic of Lebanon. The undersigned is not aware of any reason to believe that the General Directorate of General Security is a separate juridical entity from the Republic of Lebanon. Thus, though the motion to intervene named as intervenor the General Directorate of General Security, what it actually was referring to was The Republic of Lebanon General Directorate of General Security. Thus the intervenor is actually The Republic of Lebanon, acting through its constituent department, the General Directorate of General Security.

By appearing in this Court and moving to intervene the Republic of Lebanon submitted to the personal jurisdiction of this Court. By intervening, Lebanon "subjected themselves to the personal jurisdiction of this Court." *In re Chevron Corp.,* 736 F. Supp. 2d 773, 786-87 (S.D.N.Y. 2010).

> [A] party that intervenes also submits to the personal jurisdiction of the court and cannot move to dismiss for lack of personal jurisdiction. *Id.; County Sec. Agency v. Ohio Dep't of Commerce,* 296 F.3d 477, 483 (6th Cir. 2002) ("[A] motion to intervene is fundamentally incompatible with an objection to personal jurisdiction."); (finding that voluntary intervention resulted in personal jurisdiction over intervening party); *Pharmaceutical Research & Mfrs. of Am. v. Thompson,* 259 F. Supp. 2d 39, 39 (D.D.C. 2003) (refusing to allow an intervenor-defendant to defeat a motion to amend complaint by arguing futility due to lack of personal jurisdiction); *City of Santa Clara v. Kleppe,* 428 F. Supp. 315, 317 (N.D. Cal. 1976) (holding that voluntary intervention submits a party to a court's personal jurisdiction).

*Inversora v. Energoprojekt Holding Co.,* No. 03-73 (RWR), 2007 U.S. Dist. LEXIS 104202, at *4

(D.D.C. Feb. 22, 2007).

> ***When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party***. *See District of Columbia v. Merit Systems Protection Board,* 246 U.S. App. D.C. 35, 762 F.2d 129, slip op. at 5 (D.C. Cir. 1985); *Marcaida v. Rascoe,* 569 F.2d 828, 831 (5th Cir. 1978). The intervenor renders itself "vulnerable to complete adjudication by the federal court of the issues in litigation between the intervenor and the adverse party." *United States v. Oregon,* 657 F.2d 1009, 1014 (8th Cir. 1981) (quoting 3B Moore's Federal Practice para. 24.16[6] (2d ed. 1981)). It is said to assume the risk that its position will not prevail and that an order adverse to its interests will be entered. See 7A C. Wright & A. Miller, Federal Practice & Procedure § 1920, at 611 (1972). As we said recently, "the possibility that the plaintiff will be able to obtain relief against the intervenor-defendant" is part of the "price" paid for intervention. *District of Columbia,* 246 U.S. App. D.C. 35, 762 F.2d 129, slip op. at 6.

*Schneider v. Dumbarton Developers, Inc.,* 767 F.2d 1007, 1017 (1985) (emphasis added).

Since The Republic of Lebanon and its General Directorate of General Security have thus made themselves a party to this case and have consented to the jurisdiction of this Court, Plaintiffs wish to file a Supplemental Complaint asserting claims against these intervening parties. A proposed Supplemental Complaint is attached as Ex. A. It is respectfully requested that Plaintiffs be permitted to file this Supplemental Complaint.

-3-

Dated:   Brooklyn, New York
         December 28, 2021

                                   Respectfully submitted,

                                   THE BERKMAN LAW OFFICE, LLC
                                   *Attorneys for Plaintiffs*

                                   by: _____
                                        Robert J. Tolchin

                                   111 Livingston Street, Suite 1928
                                   Brooklyn, New York 11201
                                   718-855-3627

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the date indicated below a true copy of the foregoing was served via ECF on all counsel of record herein:

Dated:    Brooklyn, New York
          December 28, 2021

Robert J. Tolchin