David C. Deal
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
Tel: (434) 233-2727
Email: david@daviddeal.com

David D. Lin, Esq.
(*pro hac vice* forthcoming)
Justin Mercer, Esq.
(*pro hac vice* forthcoming)
Lewis & Lin, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Email: David@iLawco.com
　　　　Justin@iLawco.com

*Counsel for the General Directorate of General Security*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| ESTATE OF AMER FAKHOURY, et al., <br><br>　　　　　　　　*Plaintiffs*, <br><br>　v. <br><br>THE ISLAMIC REPUBLIC OF IRAN, <br><br>　　　　　　　　*Defendant*. | Case No. 1:21-cv-01218-JDB |

**The General Directorate of General Security of Lebanon's**
**Memorandum of Law in Opposition to Motion to Supplement Complaint**

The General Directorate of General Security of Lebanon ("GDGS" or "General Directorate"), a nonparty in the above-captioned action by and through its attorneys, hereby submits this memorandum of law in opposition to Plaintiffs' motion to supplement their Complaint to add claims against GDGS and, by association, Lebanon (the "Motion to Supplement").

## ARGUMENT

Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard. *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). A "[C]ourt may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss," i.e., if it is futile to permit the proposed amendment. *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010); *see also James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss."); *Willoughby v. Potomac Elec. Power Co.,* 100 F.3d 999, 1003 (D.C.Cir.1996) (Futility provides a good reason," to deny a motion to amend a pleading).

1. **No waiver under 28 U.S.C. § 1605(a)(1)**

Plaintiffs' proposed supplemental pleading relies, solely and exclusively on the faulty premise that GDGS's filing of a motion in this action is a waiver of sovereign immunity. See DE 10-1 at ¶ 4 ("By moving to intervene in this action, Intervenor Defendants have waived sovereign immunity with respect to the claims asserted in this action.").

For the reasons stated in section B of GDGS's reply in further support of its motion to strike, GDGS's request to strike does not establish a waiver of sovereign immunity and the waiver exception under 28 U.S.C. § 1605(a)(1) does not apply. *See, e.g.*, *Khochinsky v. Republic of Poland*, 1 F.4th 1, 8 (D.C. Cir. 2021). In the absence of a waiver of sovereign immunity, this court presumptive lacks subject matter jurisdiction as to Plaintiffs' claims against GDGS.

2. **The terrorism exception does not apply under 28 U.S.C. § 1605A(a)(1)**

Moreover, while Plaintiffs presume (erroneously) that GDGS "waived" sovereign immunity in this action, the underlying claims that appear in this action against Iran (only) assert

the terrorism exception of the FSIA (28 U.S.C. § 1605A).  However, Plaintiffs' proposed supplemental pleading does nothing to meet the minimum statutory requirements of that exception either. Specifically, a victim seeking relief under this exception must prove: (1) "the foreign state was designated as a state sponsor of terrorism at the time the act ... occurred," 28 U.S.C. § 1605A(a)(2)(A)(i)(I); (2) "the claimant or the victim was, at the time the act ... occurred a national of the United States," 28 U.S.C. § 1605A(a)(2)(A)(ii)(I); (3) "in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration," 28 U.S.C. § 1605A(a)(2)(A)(iii); and (4) an official, employee, or agent of the foreign state, while acting within the scope of his or her office, employment, or agency, (5) engaged in "an act of torture, extrajudicial killing, . . . [or] hostage taking" that caused personal injury or death. 28 U.S.C. § 1605A(a)(1); *see Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 14 (D.C. Cir. 2015).

      Here, neither GDGS nor Lebanon were not designated as a state sponsor of terrorism at any time. *See* 28 U.S.C. § 1605A(a)(2)(A)(i)(I). Plaintiffs allege that the purported conduct by GDGS (or Lebanon) occurred in Lebanon, but have not afforded GDGS (or, upon information and belief, anyone) "a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration[.]" *See* 28 U.S.C. § 1605A(a)(2)(A)(iii). Finally, as stated in GDGS' opening memorandum in support of its motion to strike, Mr. Fakhoury was not "kidnapped" by, nor a "hostage" of, nor "killed" by GDGS as those terms are defined in the FSIA, given he was lawfully detained for investigatory purposes and ultimately handed off to another agency responsible for prosecuting the alleged Lebanese military crimes that he had been

3

accused of dating back to the early 2000. The plaintiffs' supplemental pleading does nothing to correct those errors as to the GDGS that remain from its original pleading against Iran.

Under these circumstances, Plaintiffs' motion to supplement must be denied as futile. See, *e.g.*, *Turan Petroleum v. Ministry of Oil and Gas of Kazakhstan*, 406 F. Supp. 3d 1, 17 (D.D.C. 2019)(denying motion to supplement pleadings and holding, "because the plaintiffs' proposed pleadings do not allege any additional bases upon which the Court could exercise subject-matter jurisdiction over the plaintiffs' claims against the Ministry, including the claims asserted in their proposed amendment and supplemental pleading, the Court must deny the plaintiffs' motions to amend the Complaint as futile.").

## **CONCLUSION**

For the reasons set forth above, GDGS respectfully requests that the Court deny the Motion to Supplement.

Dated: January 26, 2022

_____/s/_____
David C. Deal
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
Tel: (434) 233-2727
Email: david@daviddeal.com

David D. Lin, Esq.
(*pro hac vice* forthcoming)
Justin Mercer, Esq.
(*pro hac vice* forthcoming)
Lewis & Lin, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Email: David@iLawco.com
           Justin@iLawco.com

*Counsel for the General Directorate of General Security of Lebanon*

4