IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------- X

ESTATE OF AMER FAKHOURY, *et al.*,

                            Plaintiffs,

-against-

ISLAMIC REPUBLIC OF IRAN, *et al*,

                            Defendants.

Docket No:
21-cv-1218 (JDB)

---------------------------------------------------------------------- X

### REPLY IN FURTHER SUPPORT OF MOTION BY PLAINTIFFS FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT AGAINST THE REPUBLIC OF LEBANON AND THE LEBANON GENERAL DIRECTORATE OF GENERAL SECURITY

    Plaintiffs wish to make only a few brief points in reply to the opposition submitted by Intervenors to Plaintiffs' Motion for Leave to File a Supplemental Complaint Against the Republic of Lebanon and the Lebanon General Directorate of General Security.

    1.    Plaintiffs are not seeking to file an *amended* complaint. That would be some modification of the allegations being made against the original defendant, Iran. Rather, a new party has entered the case, and Plaintiffs are seeking to file a *supplemental* complaint, making new allegations against the new party, but leaving the allegations against the original defendant unchanged. Down the road, there might be an omnibus complaint that combines the two. However, at this time amending the original complaint or combining the two would pose a serious logistical problem and would create extreme delay and incur significant expense, as the original complaint is still in the process of being served via diplomatic service through the State Department per the Clerk's request on August 19, 2021 (Dkt. 5). Such service takes many months even without

COVID, and even longer now, and costs $2,275, *see* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/FSIA-Checklist.html, which has already been paid. Amending the document being served on Iran would start that process all over again. Moreover, it is needless. Since the claims against Lebanon do not affect the claims against Iran.

2.  Plaintiffs are not basing jurisdiction over or waiver of sovereign immunity by Intervenor on 28 U.S.C. § 1605A. Intervenor is correct that that would require Lebanon to be designated a state sponsor of terrorism, which is a select club inhabited by only Iran, Syria, and North Korea these days. Rather, Plaintiffs are relying on Intervenor's voluntary appearance in this action and its motion to intervene.

3.  If any part of Plaintiffs' proposed supplemental complaint is deemed insufficiently pled, Plaintiffs respectfully request an opportunity to amend the proposed supplemental complaint to cure the defect.

Dated:  Brooklyn, New York
        February 1, 2022

                                        Respectfully submitted,

                                        THE BERKMAN LAW OFFICE, LLC
                                        *Attorneys for Plaintiffs*

                                        by: _____
                                            Robert J. Tolchin

                                        111 Livingston Street, Suite 1928
                                        Brooklyn, New York 11201
                                        718-855-3627

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the date indicated below a true copy of the foregoing was served via ECF on all counsel of record herein:

Dated:    Brooklyn, New York
            February 1, 2022

                                            Robert J. Tolchin