IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------X

ESTATE OF AMER FAKHOURY, *et al.*,

                    Plaintiffs,

      -against-

ISLAMIC REPUBLIC OF IRAN, *et al*,

                    Defendants.

Docket No:
21-cv-1218 (JDB)

------------------------------------------------------------------X

## MOTION BY PLAINTIFFS TO STRIKE UNAUTHORIZED SUR-REPLY FILED BY INTERVENOR LEBANON GENERAL DIRECTORATE OF GENERAL SECURITY

Plaintiffs respectfully move this Court to strike the unauthorized sur-reply papers, including an argument by counsel, a 12 page declaration by a Lebanese intelligence officer, and five exhibits comprising 30 pages (Dkt. 16). These papers have been submitted by Intervenor Lebanon General Directorate of General Security under the moniker "Supplemental Memorandum of Law in Further Support of Motion for Limited Invention and to Strike," referring to Intervenor's motion filed on November 30, 2021 at Dkt. 7. Intervenor neither sought nor obtained permission to file a supplemental memorandum.

Intervenor's motion was filed on November 30, 2021 (Dkt. 7). On December 13, 2021 Plaintiffs moved for an extension of time to respond to that motion (Dkt. 8) which was granted in an unnumbered minute order dated December 14, 2021 extending Plaintiff's time to submit opposition to December 28, 2021. Plaintiff's opposition papers were filed on December 28, 2021 (Dkt. 9). Intervenor's reply papers were due On January 4, 2022 (*see* Dkt. 12, p. 2), but no timely opposition was filed. On January 12, 2022 Intervenor moved for an extension of time to file its

reply papers (Dkt. 11). That motion was granted in an unnumbered minute order dated January 18, 2022, which extended Intervenor's time to file reply papers to January 26, 2022. Intervenor filed reply papers with respect to the motion on January 26, 2022 (Dkt. 14).

Thereafter, on February 9, 2022, without ever asking permission or seeking leave in any way, Plaintiff filed a sur-reply under the title "Supplemental Memorandum of Law in Further Support of Motion for Limited Invention and to Strike," along with a 12 page factual declaration[1] purporting to be from a Lebanese intelligence officer, and five exhibits comprising 30 pages.[2] (Dkt. 16). This filing is completely unauthorized and should be stricken.

Loc. Civ. R. 7 permits a motion, Rule 7(a), memorandum in opposition, Rule 7(b), and memorandum in reply, Rule 7(d). There is no provision for sur-replies, supplemental memoranda, or any other form of briefing after the reply memorandum has been submitted. The law is well settled that "A party seeking to file a surreply must move the court for leave to file such a surreply." *Robinson v. Detroit News, Inc.,* 211 F. Supp. 2d 101, 113 (DDC 2002). "A surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." *United States ex rel. Pogue v Diabetes Treatment Ctrs. of Am., Inc.,* 238 F Supp 2d 270, 276 (DDC 2002).

---

[1] It is unclear whether the purported declaration is technically a declaration. While it contains the "under penalties of perjury of the United States of America" in the opening paragraph, it goes on to qualify that by saying "without waiving sovereign immunity," suggesting that the declarant is apparently reserving the right to claim immunity from prosecution for perjury as a foreign government official.

[2] The exhibits include multiple pages of Arabic writing, some of which is scanned incorrectly so that it is off the page and incomplete (*see* Dkt. 16-3, pp. 8-9). Although there are what appear to be translations attached, the proffered translations are not certified; there is no statement that someone who speaks Arabic and English has compared the translation to the original and vouches for the accuracy of the translation.

-3-

Indeed, in this case, the unauthorized sur-reply papers do not even address anything argued in opposition to the motion. Rather, they seek to engage in debate with out-of-court tweets on issues of public concern by one of the Plaintiffs. It would appear that Intervenors are using their unauthorized sur-reply filing as a way to put their political position in an official United States court document which can then be reported in Lebanese media in response to things that have been said in public debate by Plaintiff. This is not a circumstance where sur-reply filings would ever be appropriate.

Accordingly, it is respectfully requested that the unauthorized sur-reply, Dkt. 16, with the accompanying affidavits and exhibits, be stricken.

If for any reason the Court does not strike Intervenors' unauthorized sur-reply papers, then Plaintiffs should be permitted to file papers in response. Of course, this illustrates why sur-reply papers are generally not permitted. When would briefing ever end?

Dated:   Brooklyn, New York
         February 8, 2022

                                                    Respectfully submitted,

                                                    THE BERKMAN LAW OFFICE, LLC
                                                    *Attorneys for Plaintiffs*

                                                    by:   _____
                                                           Robert J. Tolchin

                                                    111 Livingston Street, Suite 1928
                                                    Brooklyn, New York 11201
                                                    718-855-3627

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the date indicated below a true copy of the foregoing was served via ECF on all counsel of record herein:

Dated:    Brooklyn, New York
            February 8, 2022

_____
Robert J. Tolchin